# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| ALEX HAND & EMILY DRUMMOND-HAND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 6:19-cv-00453-LSC |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiffs' Opposition to Defendant's Bill of Costs. (Doc. 186.) The Bill of Costs is now ripe for review. For the reasons discussed below, the Court ORDERS an award of costs of $17,308.36.

### I.   BACKGROUND

On February 11, 2019, Plaintiffs Alex Hand and Emily Drummond-Hand (collectively, "Plaintiffs") filed suit against Allstate Insurance Company. On March 15, 2019, Defendant removed the case to federal court. (Doc. 1.) Plaintiffs asserted two claims against Defendant for bad faith and breach of contract. (*See* doc. 18.) The case was presented before a jury, which found in favor of Defendant on all claims. (Doc. 87.) The Court taxed costs to Plaintiffs. (Doc. 90.) On July 19, 2022,

Defendant filed its Bill of Costs. (Doc. 91.) Plaintiffs then objected to the Defendant's Bill of Costs. (Doc. 92.)

## I.   STANDARD OF REVIEW

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Congress has enacted 28 U.S.C. § 1920 ("§ 1920"), which defines the term "costs" in Rule 54(d). *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012).

Section 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). It states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court

appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the Court has discretion to determine the appropriate award of costs, it abuses that discretion if it awards costs in excess of the costs allowed by § 1920. *Maris Distributing Co. v. Anheuser—Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

## II.   DISCUSSION

Defendant's Bill of Costs requested a total of $17,609.91. Plaintiff did not object to any specific cost requested by Defendant. Instead, Plaintiffs asks that "the Defendant's Bill of Costs be denied; or, in the alternative, substantially reduced." (Doc. 92 at 1.) In support, Plaintiffs assert that because Defendant violated the "clean hands" doctrine, Plaintiffs should not have to pay Defendant's Bill of Costs. Plaintiffs argue that Defendant had unclean hands when Defendant breached its contract by delaying a supplemental payment of roughly $24,000. Plaintiffs further argue that by surviving summary judgment on bad faith, the Plaintiffs established that they were entitled to a directed verdict on the breach of contract claim related to the two-year late payment on undisputed funds. While Defendant agreed in Court that the payment should have been made sooner, the Court does not find that this delayed payment warrants Plaintiffs being relieved of paying costs. Ultimately, a jury

unanimously found that: (1) Defendant did not breach any contract; (2) Plaintiffs made material misrepresentations to Defendant; and (3) Defendant did not commit bad faith. (Doc. 91.) In finding that Defendant did not commit any bad faith, the jury found that there was no "conscious intent to injure" Plaintiffs. *See Davis v. Cotton States Mut. Ins. Co. v. White*, 604 So. 2d 354, 359 (Ala. 1992). As such, Plaintiffs' request is due to be denied.

Further, considering the verdict of the jury, it is *clear* that the individual plaintiffs were found to have unclean hands in that they made material misrepresentations to Defendant. Thus, even if the Court did find that Defendant had unclean hands, Plaintiffs' argument is unpersuasive. Plaintiffs state that "the 'clean hands' doctrine operates to deny recovery to one who is 'tainted with inequitableness.'" (Doc. 92 at 2.) The Court agrees. The evidence showed that over nineteen months, Plaintiffs were paid over $107,000 in "Additional Living Expenses" in the form of power bills, lawncare bills, roughly in $15,000 in laundry services, and monthly installments of $4,500 to reimburse amounts allegedly paid to Emily Drummond-Hand's mother for rent on a three-bedroom, two-bathroom house in Jasper, Alabama. A jury finding that Plaintiffs made material misrepresentations to Defendant and that Defendant did not act in bad faith, shows that Plaintiffs did not come before the Court with clean hands. As a result, Plaintiffs'

equity argument fails, and they are due to be ordered to pay Defendant's Bill of Costs.

## III. CONCLUSION

For the reasons stated above, the Court awards Defendant the full $17,308.36 requested. The Court ORDERS the award of costs in this amount.

**DONE** and **ORDERED** on August 2, 2022.

L. Scott Coogler
United States District Judge

206888